UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

LINDA H.,                             )
                                    )
         Plaintiff,                   )
                                      )
          v.                        )     Case No. 1:18-cv-00097
                                      )
ANDREW SAUL,                 )
Commissioner of Social Security,     )
                                      )
         Defendant.            )

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING THE COMMISSIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS**
(Docs. 8 & 11)

Plaintiff Linda Lois Hammerbeck is a claimant for Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). Pursuant to 42 U.S.C. § 405(g), she moves for judgment on the pleadings to reverse the decision of the Social Security Commissioner that she is not disabled. The Commissioner has moved for judgment on the pleadings asking the court to affirm.

After Plaintiff's DIB application was denied by the Social Security Administration, Administrative Law Judge ("ALJ") Stephen Cordovani found Plaintiff ineligible for benefits on the ground that she was not disabled at any time after her alleged onset date of June 15, 2012. The Social Security Administration's Office of Disability Adjudication and Review Appeals Council (the "Appeals Council") denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. Plaintiff appeals that decision.

Plaintiff identifies one error in the disability determination. She asserts the ALJ's finding that she could perform medium work is not supported by substantial evidence. The Commissioner opposes this argument and contends the ALJ applied the correct legal standard to substantial evidence supporting his disability determination.

Plaintiff is represented by Kenneth R. Hiller, Esq., and Timothy Hiller, Esq. The Commissioner is represented by Special Assistant United States Attorneys Elizabeth Rothstein and Richard W. Pruett.

## I.    Procedural History.

On July 8, 2013, Plaintiff protectively filed her DIB application. In her application, Plaintiff alleged disability beginning June 15, 2012. The Social Security Administration denied her application, and she timely requested a hearing before an ALJ. On April 25, 2016, ALJ Cordovani conducted a video hearing at which Plaintiff was represented by counsel and testified. Vocational Expert ("VE") Rachel A. Duchon also testified. On June 21, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. Plaintiff appealed that determination and sought to supplement the record with new evidence from two treating physicians, as well as additional evidence dated after the ALJ's decision. On November 20, 2017, the Appeals Council denied Plaintiff's request for review and declined to supplement the record. Plaintiff does not renew her motion to supplement the evidence before this court.

## II.   Factual Background.

Plaintiff was born on May 18, 1953 and was fifty-nine years old as of her alleged disability onset date. She was sixty-three years old on the date of the ALJ's decision, making her "closely approaching retirement age" as defined by the Social Security Administration. She has at least a high school education and previously worked as an operator and assigner, cashier, and customer service representative, earning at least $20,000 a year between 1987 and 2005, with lower earnings from 2006 through 2012.

## III.  Application of the Five-Step, Sequential Framework.

An ALJ must follow a five-step sequential framework to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity;
> (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can

perform any of his or her past relevant work despite the impairment; and
(5) whether there are significant numbers of jobs in the national economy
that the claimant can perform given the claimant's residual functional
capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R.

§§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). "The claimant has the general burden of

proving that he or she has a disability within the meaning of the Act, and bears the burden

of proving his or her case at [S]teps [O]ne through [F]our of the sequential five-step

framework established in the SSA regulations[.]" *Burgess v. Astrue*, 537 F.3d 117, 128

(2d Cir. 2008) (citation and internal quotation marks omitted). At Step Five, "the burden

shift[s] to the Commissioner to show there is other work that [the claimant] can perform."

*McIntyre*, 758 F.3d at 150 (alterations in original).

In this case, the ALJ found at Step One that Plaintiff had not engaged in

substantial gainful employment since June 15, 2012, the alleged onset date. At Step Two,

he concluded that Plaintiff had the severe impairments of degenerative disease of the

lumbar spine, urological impairment, chronic dry eye syndrome, obesity, and

depression/anxiety. He found that Plaintiff's other physical conditions—hip and leg pain,

slight hip degeneration, right ankle fracture, diabetes mellitus, hypertension, respiratory

disease (COPD), gastrointestinal disease, and GERD—were not severe impairments.

At Step Three, the ALJ concluded that Plaintiff did not have an impairment or

combination of impairments that met or equaled one of the Listings in 20 C.F.R. Part

404, Subpart P, Appendix 1. The ALJ found that Plaintiff's lumber spine impairment

failed to meet the requirements of section 1.04, her urological impairment did not meet

any relevant requirements under section 6.00, and her dry eye syndrome did not meet any

of the listing requirements of section 2.00. The ALJ noted Plaintiff was mildly obese and

considered this in accordance with SSR 02-1p. The ALJ also found Plaintiff's mental

impairments did not meet or medically equal the criteria of listing 12.04 or 12.06, as they

did not meet the "paragraph B" criteria and the evidence failed to establish the presence

of the "paragraph C" criteria.

At Step Four, the ALJ overall afforded some weight to the September 2014 medical source statement of treating physician, Keith Kulju, M.D., but found, regarding Dr. Kulju's indication that Plaintiff would be limited to lifting no more than 25 pounds:

> Dr. Kulju treated the claimant only for gastrointestinal issues, and his conclusion that the claimant would have limitations with respect to lifting appear to be somewhat outside the area of his expertise and is not consistent with the medical evidence in general or the claimant's many daily activities.

(AR 89.) The ALJ gave little weight to the October 2014 medical source statement of treating physician assistant Jenafer McKown, PA-C,[1] which indicated Plaintiff would be incapable of performing even work at the sedentary exertional level, as the ALJ determined PA-C McKown's opinion was inconsistent with the evidence of record and Plaintiff's activities of daily living. The ALJ granted great weight to the November 2013 opinion of the state agency medical consultant of record, Juan Mari-Mayans, M.D., who concluded that Plaintiff would be limited to unskilled medium exertional work. The ALJ reasoned:

> [t]hat doctor was able to review a great deal of the evidence and has program and regulatory knowledge. His conclusions are consistent with [Plaintiff's] activity level and the relatively modest findings on exam.

(AR 90.) The ALJ determined that Plaintiff:

> has the residual functional capacity (RFC) to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except as restricted by the following: [Plaintiff] is limited to unskilled work; [Plaintiff] should avoid exposure to extreme heat and cold, and should not perform work involving direct exposure to blowing air or the elements; she can work in an environment with typical office ventilation; [Plaintiff] would require unscheduled restroom breaks approximately every two hours or approximately four additional times per day for approximately 5 minutes on each occasion; she would be unable to perform tandem work with coworkers.

(AR 85.)

---

[1] Although the ALJ's decision refers to her as "Jennifer McKown," her name is spelled "Jenafer McKown" in her October 2014 medical source statement. (AR 89, 488.)

At Step Five, the ALJ determined that Plaintiff could not perform her past relevant work, but considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Relying on the testimony of the VE at the ALJ's hearing, who indicated that the environmental, tandem work, and restroom break limitations would not significantly erode the occupational base, the ALJ found the additional limitations included in the RFC had little or no effect on the occupational base of unskilled medium work. Thus, at Step Five, the ALJ concluded that Plaintiff was not disabled.

## IV.    Conclusions of Law and Analysis.

### A.    Standard of Review.

In reviewing the Commissioner's decision, the court "conduct[s] a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013) (citation and internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

It is the Commissioner that resolves evidentiary conflicts and determines credibility issues, and the court "should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *see also Aponte v. Sec'y, Dep't of Health & Human Servs. of U.S.*, 728 F.2d 588, 591 (2d Cir. 1984) (noting "genuine conflicts in the medical evidence are for the Secretary to resolve"). Even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied. *See* 42 U.S.C. § 405(g); *McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

### B. Whether the ALJ's Finding that Plaintiff Could Perform Medium Work is Supported by Substantial Evidence.

Plaintiff challenges the ALJ's finding that she could perform medium unskilled exertional work because the ALJ improperly relied exclusively on the opinion of a non-examining state agency medical consultant, Dr. Mari-Mayans, which cited Plaintiff's consultative examination with Dilbagh Singh, M.D., in October 2013, but not the x-rays that followed thereafter, in finding Plaintiff's lumbar spine issues did not impact Plaintiff's functional abilities. Plaintiff contends Dr. Mari-Mayans' opinion was stale and conclusory because: (1) the opinion did not address Plaintiff's November 4, 2013 x-ray, and it was unclear whether the non-examining physician had received that record; (2) the non-examining physician did not have medical records Exhibits 8F through 32F to review; and (3) the ALJ's finding that Plaintiff's lumbar spine impairment was a severe impairment, by definition, reflects some level of interference with her functional abilities. The Commissioner responds that: (1) the x-ray was attached to Dr. Singh's report, and nothing suggests Dr. Mari-Mayans did not review it; and (2) only a handful of the medical records Exhibits 8F through 32F address Plaintiff's back issues. The Commissioner maintains that, even if the ALJ ignored Dr. Mari-Mayan's opinion, substantial evidence in the record supports the ALJ's finding that Plaintiff could perform medium work.

The opinion of a non-examining source may override opinions of treating sources, provided it is supported by the evidence of record. *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1983) ("[T]he regulations . . . permit the opinions of nonexamining sources to override treating sources' opinion provided they are supported by evidence in the record"); *Maleski v. Comm'r of Soc. Sec.*, 2020 WL 210064, at *4 (W.D.N.Y. Jan. 14, 2020) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record.") (citation omitted). However, medical source opinions that are "conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343–44 (W.D.N.Y. 2015), *aff'd*,

652 F. App'x 25 (2d Cir. 2016) (citation omitted). "A medical opinion may be stale if it does not account for the claimant's deteriorating condition." *Carney v. Berryhill*, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017) (citations omitted).

In this case, Dr. Mari-Mayans reviewed Dr. Singh's report dictated October 30, 2013, as well as his confirmed report dated November 11, 2013. Dr. Singh's report at Exhibit 7F attaches the results of Plaintiff's November 4, 2013 x-ray, which showed "new rather significant narrowing of the disc space at L1-L2 and L3-L4 with new large osteophytes and sclerotic discogenic changes[.]" (AR 480.) Dr. Mari-Mayans did not address those x-ray results. The ALJ's conclusion that there is no reasonable basis to conclude that Plaintiff would not be capable of prolonged walking, standing, and sitting (up to 6 hours or more for each activity on a full-time basis), or of lifting as much as 50 pounds occasionally and 25 pounds with less frequency, thus turns on an opinion that does not reflect objective clinical evidence and is in conflict with the opinions of treating sources, which calls that determination into doubt.

In addition, it is undisputed that Dr. Mari-Mayans did not have medical records Exhibits 8F through 32F to review at the time of his November 2013 opinion. Although the Commissioner correctly observes that many of these records relate to other medical conditions, several of them pertain to Plaintiff's degenerative disease of the lumbar spine and the amount of weight she could lift and carry. For example, Exhibit 8F includes Dr. Kulju's assessment in September 2014 that Plaintiff could not lift 50 pounds and could only occasionally lift 20 pounds. Exhibit 9F includes PA-C McKown's assessment in October 2014 that Plaintiff could not lift 20 pounds. and could only occasionally lift 10 pounds. Exhibit 24F includes the February 2015 emergency room recommendation that Plaintiff not lift more than 10 pounds until rechecked by her doctor, and Exhibit 31F includes a February 2016 x-ray with a finding of "[d]egenerative change in the visualized portion of the lumbar spine." (AR 804.) Dr. Mari-Mayans rendered his opinion in November 2013 and thus his opinion does not reflect the deterioration in Plaintiff's lumbar spine condition from 2014 to 2016.

The Commissioner's assertion that, even without Dr. Mari-Mayans' opinion, there is substantial evidence to support a conclusion Plaintiff could perform medium work does not accurately reflect the evidence. Several of Plaintiff's treatment providers specifically addressed Plaintiff's exertional limitations, and not one of them endorsed medium exertional work as within Plaintiff's capabilities, nor did Plaintiff's activities of daily living, even as found by the ALJ, support this exertional level of work.

## CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for judgment on the pleadings (Doc. 8) and DENIES the Commissioner's cross motion for judgment on the pleadings (Doc. 11). The court REMANDS to the Commissioner for a determination consistent with this Opinion and Order.

SO ORDERED.
Dated this ___ day of March, 2020.

Christina Reiss, District Judge
United States District Court